UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CR-23-TS |
| | ) | |
| MARLYN J. BARNES, | ) | |
| MICHAEL D. ALEXANDER, | ) | |
| THEODIS ARMSTEAD, | ) | |
| HERBERT HIGHTOWER, | ) | |
| VERNELL A. BROWN, and | ) | |
| MELVIN B. TAYLOR, | ) | |

**OPINION AND ORDER**

This matter is before the Court on pretrial motions filed by Defendants Marlyn J. Barnes and Vernell A. Brown [DE 97, 100, 109, 110].

**BACKGROUND**

On May 24, 2006, the government filed a four-count Indictment, alleging that the Defendants, Marlyn Barnes, Michael Alexander, Theodis Armstead, Herbert Hightower, Vernell Brown, and Melvin Taylor, violated 21 U.S.C. § 846 when they conspired from March 21, 2006, until May 5, 2006, to possess with intent to distribute more than five kilograms of a mixture or substance containing a detectable amount of cocaine. Defendants Barnes, Armstead, and Taylor were also charged with violating 18 U.S.C. § 924(c) for their possession of firearms in furtherance of the charged drug conspiracy. The Indictment requires the forfeiture of a 1992 Cadillac, numerous firearms, ammunition, and bullet resistant vests, upon conviction of the offenses brought in the Indictment.

On August 21, 2006, Defendant Brown filed a Motion to Require Notice of Intention to

Use Other Crimes, Wrongs, or Acts in Evidence and a Motion for Disclosure of Evidence Which May Lead to the Impeachment of Any Government Witness. On August 22, the Court held a scheduling conference and granted a defense motion for continuance of the pretrial motion cutoff date and set deadlines. In accordance with the deadlines, on September 22, 2006, Defendant Barnes filed a Motion to Require Notice of Intention to Use Other Crimes, Wrongs, or Acts in Evidence and a Motion for Disclosure of Evidence Which May Lead to the Impeachment of Any Government Witness, which mirrored the Motions filed by Brown.[1] On October 6, the government responded to Brown's and Barnes's pending pretrial motions. The Defendants did not reply.

**DISCUSSION**

**A.      Rule 404(b) and Rule 608(b) Evidence**

Defendants Brown and Barnes request that the Court enter an order directing the government to give notice of its intention to use (1) evidence of "other crimes, wrongs, or act" pursuant to Federal Rule of Evidence 404(b), and (2) "specific instances of conduct" relating to any Defendants' character for truthfulness pursuant to Rule 608(b).

**1.      *Rule 404(b)***

The government contends that it does not believe, at this time, that it will use any evidence of the type described in Rule 404(b). Therefore, it argues, the Defendants' motions

---

[1] Brown also filed a Motion for Severance pursuant to Federal Rule of Criminal Procedure 14, which is not addressed in this Opinion and Order.

2

should be denied. The government does acknowledge its intent to introduce evidence that Barnes was "predisposed to ripping off drugs as early as March 2006." (Gov't Resp. at 4.) The government submits that this is not 404(b) evidence, but is intricately related to, or direct evidence of, the charged conspiracy. The government contends that this evidence has already been provided to the Defendants through discovery.

Rule 404(b) provides that "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). Additionally, Federal Rule of Criminal Procedure12 governs pretrial notice of the government's intention to use evidence.

> (4) **Notice of the Government's Intent to Use Evidence**.
>
> (A) **At the Government's Discretion**. At the arraignment or as soon afterward as practicable, the government may notify the defendant of its intent to use specified evidence at trial in order to afford the defendant an opportunity to object before trial under Rule 12(b)(3)(C).
>
> (B) **At the Defendant's Request**. At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4).

Given that the government does not intend to present any evidence of other crimes or bad acts, and that Defendant Barnes is already aware of the government's intent to introduce evidence that he was predisposed to ripping off drugs, the Defendants' motions are denied as moot. Barnes has more than ample time to object to the government's characterization, and the admissibility of this evidence, if he believes such a challenge is warranted. If the government determines at any point before trial that it will offer evidence of they type contemplated by Rule

3

404(b) in its case-in-chief, it is directed to provide the Defendants with notice of its intent to offer this evidence.

**2.**   *Rule 608(b)*

The government does not address the Defendants' request for Rule 608(b) evidence. Nevertheless, the Defendants' motion for an order requiring pretrial disclosure of this evidence is without merit. By its terms, Rule 608(b) evidence may not be used by the government in its case-in-chief. Therefore, such evidence is not discoverable under Rule 12, which limits pretrial discovery to Rule 16 evidence that the government intends to offer in its case-in-chief. The Court denies the Defendants motion for production of Rule 608(b) evidence.

**B.**   **Impeachment Evidence**

The Defendants, citing *Giglio v. United States*, 405 U.S. 150 (1972), request the Court to issue an order directing the government to disclose, at least four weeks before trial, any evidence that may lead to the impeachment of any government witness. The Defendants maintain that their request pertains generally to any witness the government intends to call in its chief-in-case or in its rebuttal.

The government responds that it is "keenly aware" of its obligations under both *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio*. (Gov. Resp. at 5.) The government also represents that it will provide such materials to defense counsel, in accordance with its usual practice, the Friday before trial, and maintains that this assurance is sufficient under the law.

The government is required to disclose any evidence favorable to a defendant if that

4

evidence is material to guilt or punishment. *Brady*, 373 U.S. at 87. This obligation extends to evidence that tends to impeach a government witness's credibility, as long as the evidence is material to the outcome of the trial. *Giglio*, 405 U.S. at 154. However, disclosure of exculpatory information to a criminal defendant "need not be made until trial as long as the defendant is not prevented from having a fair trial." *Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986) (citing *United States v. Allain*, 671 F.2d 248, 255 (7th Cir. 1982)); *see also United States v. Zambrana*, 841 F.2d 1320, 1340 (7th Cir. 1988) (noting that the Seventh Circuit "has made it clear that there is nothing in *Brady* . . . to require that such disclosures be made before trial") (internal quotations and brackets omitted); *United States v. Sweeney*, 688 F.2d 1131, 1141 (7th Cir. 1982) (stating that *Brady* does not require pretrial disclosure of evidence because the appropriate standard is whether disclosure came too late to prevent the defendant from receiving a fair trial).

Here, the government represents that it will turn over all exculpatory or impeaching evidence the Friday before trial, which is scheduled to begin on Tuesday, November 28. The Defendants have not provided the Court with any reason to believe that four days notice is not adequate time to make effective use of any impeachment evidence. In light of the government's representations, and because the prosecutorial obligation to provide the Defendant with exculpatory evidence in criminal cases exists even in the absence of a court order, the Defendants' motions for such materials are denied as moot.

While recognizing its obligation to provide exculpatory evidence, including evidence that impacts the credibility of a government witness, the government does not agree that all of the items specified in the Defendants' motions are *Brady* or *Giglio* type evidence. The government states that it will not, for example, provide records regarding witnesses' mental, emotional, or

physical health or their drug abuse or addiction, records or information that could arguably be helpful to the defense in detracting from the probative force of the government's evidence or could arguably lead to such records or information, or information regarding disciplinary or other corrective action taken against any agent involved in the investigation or prosecution.

The Court is inclined to agree that several of the Defendants' requests are overbroad, but cautions the government that it should not rely on general objections, but rather, should make a case specific inquiry. That is, the government should inquire whether a piece of evidence relates to guilt or punishment and, if so, whether it tends to bolster the defendants' case or impeach a prosecution witness *under the particular circumstances of this case*. If the government questions the usefulness of evidence, it should resolve its doubts in favor of full disclosure. *See, e.g., United States v. Carter*, 313 F. Supp. 2d 921, 925 (E.D. Wis. 2004) (analyzing case law from other circuits to conclude that, because trial court cannot meaningfully evaluate materiality of evidence before trial, it should ordinarily require pretrial disclosure of all exculpatory or impeachment evidence).

6

**CONCLUSION**

For the foregoing reasons, the Defendants' Motions to Require Notice if Intention to Use Other Crimes, Wrongs, or Acts in Evidence [DE 97, 109] are DENIED IN PART AND DENIED as MOOT IN PART, and the Defendants' Motions for Disclosure of Evidence Which May Lead to the Impeachment of Any Government Witness [DE 100, 110] are DENIED as MOOT.

SO ORDERED on October 30, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION