**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06-CR-23-TS |
| | ) | |
| MARLYN J. BARNES | ) | |

**OPINION**

On February 7, 2008, the Defendant, Marlyn J. Barnes, was convicted of conspiring to possess with intent to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 846 when he knowingly and intentionally agreed with others to rob a shipment of cocaine from a stash house. The jury also found Barnes guilty of carrying a firearm during and in relation to a drug trafficking offense, and possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). On April 13, 2009, the Court sentenced the Defendant to 292 months of imprisonment for the conspiracy offense and 60 months for the firearm offense. The term of imprisonment for the conspiracy was based, in part, on the Court's finding that the quantity of cocaine involved in the conspiracy was 40 kilograms. On April 8, 2010, the Court of Appeal for the Seventh Circuit vacated the sentence and remanded for re-sentencing. *See United States v. Barnes*, 602 F.3d 790 (7th Cir. 2010). The Seventh Circuit held that the remand was necessary because the district court incongruously rejected the parties' post-trial joint stipulation that the conspiracy involved between 5 and 15 kilograms of cocaine, because the Court had already accepted the same plea agreement stipulations when sentencing four of the Defendant's co-conspirators. *Id.* at 797. On January 21, 2011, the Defendant came before the Court for re-sentencing. This Opinion resolves the issues that were raised in the parties' sentencing briefs and asserted at the sentencing hearing.

In his post-remand Sentencing Brief [ECF No. 506], the Defendant urges the Court to sentence him based on a quantity of cocaine of 25 grams or less because the conviction stems from a reverse sting operation involving fictitious drugs in an amount that was determined by the Government. He contends that the drug quantity overstates his criminality and threat to the public. If the Court declines to use the 25-gram quantity, the Defendant submits that the correct amount is between 5 and 15 kilograms, consistent with his co-defendants' sentences and with the jury's verdict. The Defendant also asks that the Court reconsider its application of a four level increase to his base offense level on grounds that he was an organizer or leader of five or more participants in the commission of an offense. In a reiteration of his argument at sentencing, he submits that there were actually two conspiracies, neither of which involved five or more conspirators. He also resubmits his challenge to the two level increase to his offense level for willful obstruction of justice. Finally, the Defendant maintains that the § 3553(a) sentencing factors justify a sentence at the low end of any guideline range that is based on a quantity of cocaine greater than 25 grams.

In response, the Government contends that the only issue for the Court's consideration on remand is the amount of drugs involved in the conspiracy. The Government argues that both the jury's verdict and the parties' post-trial stipulation support a finding of between 5 and 15 kilograms, and that there is no support for the Defendant's argument that the Government exercised exclusive control over the amount of drugs involved. The Government notes that, the Defendant's only challenge to his sentence on appeal was the Court's rejection of the parties' stipulation regarding the amount of drugs involved, any other challenges to his sentence are outside the scope of remand. The Government argues that, ultimately, the Defendant should

receive the same sentence that the Court imposed at his first sentencing hearing, 292 months.

**A.     Scope of the Remand**

In the absence of any special instructions, on remand a district court may address only (1) the issues remanded, (2) issues arising for the first time on remand, or (3) issues that were timely raised before the district and/or appellate courts but which remain undecided. *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) (describing the law-of-the-case doctrine which requires a district court to confine its discussion to the issues remanded and barring it from addressing issues that could have been raised on appeal); *see also United States v. Husband*, 312 F.3d 247, 250–51 (7th Cir. 2002) (stating that issues that could have been but were not raised on appeal are waived and thus not remanded). The Defendant's request for this Court to reconsider its rulings related to the enhancements for being an organizer or leader and for obstructing justice do not fall within the permissible areas of discussion for this Court on remand. At sentencing, the Court applied the enhancements over the Defendant's objections, and the Defendant could have appealed the application of these enhancements. Because he did not, they are now waived.

The Defendant also argues that the scale of the sting operation overstates his criminality and results in excessive punishment. The Defendant asserts that the Government exercised exclusive control over the amount of drugs involved in the reverse sting operation. This does not appear to have been an issue that the Defendant raised on appeal, and the Court of Appeals did not explicitly discuss it. Even if this issue were proper to address on remand, the Court would not find it to have any merit. In the background section of the appellate court's opinion, it noted

3

that the government agent and the confidential informant "never indicated the amount of drugs

that would be involved in the shipment." 602 F.3d at 792. Rather, the drug amounts were those

assumed by the Defendant with "little guidance" by the government agent and informant

regarding the amount of drugs involved. *Id.* The drug amount was not the result of the

imagination of the ATF agent and the cooperating informant, but of the Defendant himself.

Accordingly, there is no basis to dismiss these amounts as not reflective of the seriousness of the

Defendant's offense.

In a related argument, the Defendant states that there was no evidence that he had the

ability to successfully carry out his plan to rob a stash house, and the court should "exclude from

the offense level determination the amount of controlled substance that the defendant establishes

that the defendant did not intend to provide or purchase or was not reasonably capable of

providing or purchasing. U.S.S.G. § 2D1.1, Commentary, Application Note 12. The Defendant

asserts that he should be sentenced based on a quantity of cocaine of 25 grams or less. This

argument was not raised on appeal and is outside the scope of remand. [1]

---

[1] The Court does not agree with the Defendant's argument that his position on appeal–that the
stipulation should have governed the drug amount—encompasses the argument that he was not
reasonably capable of producing any drug amount. Had the issue been properly raised, and remained for
this Court's determination, the Court would reject it. The commentary to Guideline § 2D1.1 explains:

> In an offense involving an agreement to sell a controlled substance, the agreed-upon
> quantity of the controlled substance shall be used to determine the offense level unless
> the sale is completed and the amount delivered more accurately reflects the scale of the
> offense. For example, a defendant agrees to sell 500 grams of cocaine, the transaction is
> completed by the delivery of the controlled substance—actually 480 grams of cocaine,
> and no further delivery is scheduled. In this example, the amount delivered more
> accurately reflects the scale of the offense. In contrast, in a reverse sting, the agreed-upon
> quantity of the controlled substance would more accurately reflect the scale of the offense
> because the amount actually delivered is controlled by the government, not by the
> defendant. If, however, the defendant establishes that the defendant did not intend
> to provide or purchase, or was not reasonably capable of providing or purchasing,

**B.      Drug Quantity**

The Seventh Circuit remanded this case for the Court to resentence the Defendant

because the Court calculated his Guideline range using a drug quantity that conflicted with the

drug quantity used to calculate the sentence of four of his co-conspirators, without providing an

explanation for the differing treatment. The appellate court noted that the district court could

have rejected the factual stipulations in the plea agreements for the cooperating defendants if it

felt that the stipulations were not supported by the evidence, but that it did not question those

stipulations. Although this statement is true, at the time of Defendant Barnes's sentencing, the

Court did not have the authority to alter the amount of drugs used to determine the advisory

guideline ranges of these already sentenced co-defendants, even if those amounts were a

---

the agreed-upon quantity of the controlled substance, the court shall exclude from the
offense level determination the amount of controlled substance that the defendant
establishes that the defendant did not intend to provide or purchase or was not reasonably
capable of providing or purchasing.

U.S.S.G. § 2D1.1, Commentary, Application Note 12. The Defendant, concentrating on the last sentence
of the quoted commentary, argues that the Defendant was not reasonably capable of possessing any
amount of cocaine because there was no evidence that he could have successfully accomplished the
planned robbery of a heavily armed stash house. The Court does not find this application note relevant in
the circumstances of this case. The Defendant anticipated that the house would be armed and he was
prepared to counter and attack with his own firepower and manpower. It is this planning that constitutes
the punishable conspiracy under § 846. *See United States v. Corson*, 579 F.3d 804 (7th Cir. 2009).
Moreover, there is no evidence to suggest that the quantity (and thus the Defendant's belief regarding the
quantity) would have been unreasonable for a drug shipment arriving from Texas. The evidence admitted
at trial in this case supports a conclusion that the Defendant expected that the stash house he was
preparing to rob would contain a large load of cocaine that had just arrived from Texas, and that the
results would be very lucrative for him and his co-conspirators. The Defendant's own statements reflect
that he anticipated recovering between 40 to 80 kilograms. Although the quantity was never confirmed,
the lack of confirmation is not surprising. Real couriers of drugs are not informed of drug quantities and
are unable to make assurances about the actual quantities of drugs being shipped. This lack of certainty
would not absolve a conspirator who planned to use force to steal the load and distribute himself from his
criminal acts. Although the evidence could support a greater quantity than that represented by the parties'
stipulation, it does not support the lesser amount argued by the Defendant on remand.

compromise that did not accurately reflect the evidence. The Court still lacks this authority.

Therefore, the only way to resolve the discrepancy in the factual findings is to find that the

conspiracy involved between 5 and 15 kilograms of cocaine.[2] This is also consistent with the

parties' stipulation and the jury's finding. The corresponding base offense level is 32. The

adjustments for the Defendant's role in the offense (+4) and obstruction of justice (+2) result in

an offense level of 38, which combined with his criminal history category yields an advisory

guideline range of 235–293 months of imprisonment.

**C.      Section 3553(a)**

One of the issues advanced on appeal was whether it was reasonable to conclude that the

trial court would have imposed the same sentence regardless of which Guideline range applied,

thus removing the sentence from appellate review. The Seventh Circuit held that the sentence

was reviewable because the district court did not evince a clear and unambiguous intention to

give the same sentence even if the lower Guideline range applied. 602 F.3d at 795.

In the Court's Sentencing Memorandum, filed on April 13, 2009, the same date it

sentenced the Defendant, the Court wrote:

> The Court finds that the sentence that best takes into account all the purposes of
> punishment is one that corresponds to the high end of the range that would have
> been calculated using more than 5 but less than 15 kilograms of cocaine, which is
> the low end of the range that was actually calculated using 40 kilograms of

---

[2] The appellate court noted that the district court had rejected the stipulated drug quantity on grounds that it was not supported by the evidence at trial, and stated that it was reviewing this finding. However, the appellate court's analysis did not reference the trial evidence that it cited earlier in the background section of its opinion. Rather, the sole basis for holding that it was clear error to find that the conspiracy involved 40 kilograms instead of 5 to 15 kilograms was that it conflicted with the factual stipulations the Court accepted for the co-conspirators without noting any differing factual circumstances. This also suggests that the discrepancy is best resolved by accepting the stipulation.

cocaine. Using the stipulated drug amount would have lowered the offense level from 40 to 38, and Barnes's advisory guideline range would have changed from 292–365 months of imprisonment to 235–293 months of imprisonment. Given the other factors discussed above, using a lower drug amount does not have the effect of making a within-Guideline sentence unreasonable. Rather, as the sole mitigating factor in a serious offense, it points the Court to the sentence within the 73-month span provided by the advisory Guidelines range of 292–365 months of imprisonment that is sufficient, but not greater than necessary, to accomplish the purposes of punishment.

(Sentencing Mem. 20–21, ECF No. 452) (footnotes omitted). In addition, the Court stated during

the sentencing hearing that it was imposing a sentence at the low end of the range for Count 1

because it avoided unnecessary sentencing disparity, and it adequately reflect the seriousness of

the offense, promoted respect for the law, and deterred future criminal conduct without being

greater than necessary to accomplish these purposes. The only disparity that the Court was

attempting to avoid by sentencing the Defendant to the low end of the 292–365 month range was

that related to the differing drug quantities used. The Court believed that, while it could not rely

on the stipulation because it contradicted trial evidence, it could still consider and account for the

disparity that was created by using a larger drug quantity than that relied upon to sentence the

Defendant's co-conspirators. The Seventh Circuit reasoned that the district court could not

consider the drug amount stipulation in its analysis of the § 3553(a) factors because a court does

not consider § 3553(a) factors until after making a proper guideline range determination.[3]

The Court understands that it created an ambiguity regarding whether it would have

imposed the same sentence regardless of which Guideline range applied when it referenced the

---

[3] It appears, in this Court's assessment, that the district court dealt with the incongruent findings of fact regarding the drug amounts through the lens of § 3553(a) and disparity, while the appellate court would have dealt with the same issue during the calculation of the base offense level and the Guideline range. Therefore, even though the appellate court found that the district court's approach was not the proper one procedurally, the final term of imprisonment is the same.

reasonableness of a within-Guideline sentence (as opposed to a 292-month sentence), making it appear that the range influenced the Court's decision. The Court now clarifies that the term of imprisonment of 292 months is the sentence that the Court believes is sufficient but not greater than necessary to meet the purposes of punishment. The Court denies the Defendant's request to sentence him to the low end of the new range and instead finds that, whether the appropriate range is 292 to 365 months or 235 to 293 months, the sentence that is sufficient, but not greater than necessary, to accomplish the purposes of punishment is 292 months of imprisonment. The Court incorporates its analysis of § 3553(a) factors from the first sentencing hearing and from the January 21, 2011, hearing.

## CONCLUSION

For the foregoing reasons, the Court sentences the Defendant to 292 months of imprisonment for his conviction on Count 1 of the Indictment.

ENTERED: January 21, 2011.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT