# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:06-CR-23-TLS |
| | ) | |
| MARLYN J. BARNES | ) | |

## OPINION AND ORDER

The Defendant, Marlyn J. Barnes, is serving a term of imprisonment for conspiring to possess with intent to distribute more than five kilograms of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 846, and for carrying a firearm during and in relation to a drug trafficking offense, and possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). On September 4, 2015, the Defendant requested that counsel be appointed to determine his eligibility for a two point reduction of his sentence under Amendment 782. On September 16, the Court entered an order referring the matter to the Northern District of Indiana Federal Community Defenders to consider representing the Defendant with respect to his pursuit of a sentence modification. The order also set out a briefing schedule.

On this same date, attorney Thomas N. O'Malley entered an appearance for the Defendant. On September 24, the Defendant, through Attorney O'Malley, filed an Unopposed Petition for Reduction of Sentence Due to Amended Sentencing Guidelines. The Petition noted that the Defendant's current sentence was based on 5 to 15 kilograms of cocaine, an offense level of 38, and a criminal history category of I. The Guideline range was 235 to 293 months, and the Court sentenced the Defendant to 292 months of imprisonment—one month below the high end of the advisory range. The amended Guideline range was 188 to 235 months, and the Defendant

was requesting that the Court "modify his sentence effective November 1, 2015 to a term of 234 months in Count 1, which is one (1) month below the high end of the modified sentencing range." (Pet. 2–3, ECF No. 654.) According to the Petition, the Government did not object to the Court reducing the Defendant's sentence to 234 months.

On October 1, 2015, the United State Probation Department prepared an Addendum to the Presentence Report, noting the new Guideline range of 188 to 235 months. The Addendum also set forth post sentencing conduct of the Defendant. On this same date, the Court entered an order reducing the Defendant's sentence to 234 months.

On October 13, the Defendant filed two motions: a Motion for Removal of Court Appointed Counsel Due to Ineffectiveness of Counsel and to Allow Movant to Proceed Pro Se [ECF No. 658], and; a Motion for Extension of Time to File Motion for Reconsideration [ECF No. 659]. According to the Defendant, he directed counsel not to file a motion for reduction until he discussed with counsel information he believed would be critical to the Court's "re-sentencing." (Mot. 2, ECF No. 658.) He asserts that because counsel did not adhere to this directive, the Court was without "critical sentencing factors." (*Id.* at 4.) He now desires to proceed pro se and, specifically, to file a motion for reconsideration of the Court's Order granting a reduction in his sentence. The Defendant requests until November 8, 2015, to file that motion in light of restrictions on his access to a law library. Counsel has also filed a Motion to Withdraw [ECF No. 660].

It is not clear what critical information the Defendant believes the Court should have considered. A § 3582(c)(2) proceeding does not trigger the same procedural protections that apply at sentencing. *United States v. Young*, 555 F.3d 611, 614–15 (7th Cir. 2009) (stating that a

2

§ 3582(c)(2) proceeding does "not require a 'do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution'") (quoting *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)); *see also* U.S.S.G. § 1B1.10(a)(3) ("proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant"). In any event, the Court need not decide whether counsel's actions fell within an objective standard of reasonableness, because the Defendant is entitled to proceed pro se regardless. Additionally, the Court need not "remove" counsel as he was not "appointed" by the Court, but voluntarily entered an appearance pursuant to the Defendant's Motion for Appointment of Counsel and the Court's referral of the matter to the Federal Community Defenders. Counsel has since moved to withdraw his appearance. The record will reflect that Attorney Thomas N' O'Malley is terminated as counsel of record.

The Defendant has noted his intention to file a motion for reconsideration so that the Court can further reduce his sentence. "No federal rule or statute allows a motion to reconsider in a criminal case, but reconsideration motions are accepted as a common-law practice." *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014). However, Congress has abrogated the common-law practice regarding reconsideration in the sentencing context, limiting a court's authority to modify a term of imprisonment to three narrow situations.18 U.S.C. § 3582(c); *Townsend*, 762 F.3d at 645, 646–47 ("We disavow anything in our unpublished decisions suggesting that district courts retain common-law authority to reconsider a sentence."); *see also United States v. Gonzalez-Rodriguez*, 777 F.3d 37, 41 (1st Cir. 2015) (citing *Townsend*); *but see United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011) (suggesting that the 14-day period applicable to appeals of criminal judgments would apply to a motion to reconsider a ruling under

3

§ 3582(c)(2)).

In light of Congress's abrogation of the common-law authority to reconsider a criminal sentence, and the absence of federal rule or statute that allows a motion to reconsider in a criminal case, the Court declines to grant an extension of time to file a motion that would be ineffectual. To act otherwise, and grant an extension, would improperly suggest to the Defendant that such a motion is authorized. Rather, any attempt at filing a motion for reconsideration would most likely be construed as a successive motion under § 3582(c)(2). However, "prisoners have only one bite at the apple per retroactive amendment to the sentencing guidelines." *United States v. Beard*, 745 F.3d 288, 292 (7th Cir. 2014); *Redd*, 630 F.3d at 651.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to Withdraw [ECF No. 660], DIRECTS the Clerk of Court to terminate the appearance of Attorney Thomas N. O'Malley and to term the Motion for Removal [ECF No. 658] as a pending motion. The Defendant may proceed pro se. The Court DENIES the Motion for Extension of Time to File Motion for Reconsideration [ECF No. 659], as no such motion is recognized in the sentencing context.

SO ORDERED on October 26, 2015.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT