UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:06-CR-23-HAB |
| ) | |
| MARLYN BARNES ) | |

**OPINION AND ORDER**

Now before the Court is a letter (ECF No. 712) from Defendant requesting the appointment of counsel to assist him in seeking compassionate release.

Defendant is not entitled to counsel under the Criminal Justice Act for motions brought under 18 U.S.C. § 3582(c)(1)(A). *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021); *United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020); *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). However, a court may, in its discretion, appoint counsel to represent defendants in compassionate release proceedings. *See Blake*, 986 F.3d at 758 ("District judges have discretion to recruit and sometimes appoint counsel for prisoners seeking post-judgment benefits, but prisoners do not have a constitutional or statutory *entitlement* to appointed counsel.") (emphasis in original) (internal citations omitted); *Guerrero*, 946 F.3d at 985 ("[D]istrict courts are not *required* to appoint counsel under these circumstances, but it does not *prohibit* them from doing so") (emphasis in original); *see also United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999) ("How a district judge elects to consider a § 3582(c) motion to reduce a sentence is largely a matter of discretion. The judge can appoint counsel for a movant, but need not do so.").

The Court sees no reason to appoint counsel in this case. The Federal Community Defender has already declined to represent Defendant in his quest for compassionate release. (ECF No. 707). Any private attorney appointed by the Court would be forced to work for free. *Foster*, 706 F.3d at

888 ("The Criminal Justice Act does not supply the necessary permission to pay a lawyer from the public fisc."). Moreover, the Court has already reviewed Defendant's eligibility for compassionate release and found it lacking. (ECF No. 711). The Court sees no reason to confiscate the efforts of private counsel in pursuit of a seemingly unobtainable goal. His motion for appointment of counsel, then, is DENIED.

SO ORDERED on June 3, 2021.

        s/ Holly A. Brady_____
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT